IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES JOHNSON, #R43615, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-00450-DWD |
| | ) |
| IDOC, | ) |
| DEVIN E. SULLENS, and | ) |
| JOHN DOE, *Shift Commander*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff James Johnson, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff and C/O Sullens exchanged words on July 18, 2020. Sullens told Plaintiff he would return to "f*** your s*** up so get ready." When Sullens returned, he conducted a shakedown of Plaintiff's cell during which he broke Plaintiff's property and confiscated his legal papers, books, and magazines. Sullens actions were taken in retaliation for Plaintiff writing

grievances regarding Sullens's abuse of power. Sullens took Plaintiff's property to John Doe Shift Commander and they destroyed it.

## Preliminary Dismissal

IDOC, a state government agency, is not subject to suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). IDOC will, therefore, be dismissed with prejudice.

Plaintiff seeks to bring claims against Defendants in their individual and official capacities. Because Plaintiff seeks monetary damages, any claim(s) may proceed against Defendants only in their individual capacity and the official capacity claim will be dismissed. *See Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005) (claim for monetary damages must be brought against defendant in his individual capacity only); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (official capacity claim against an individual is really a lawsuit for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

- Count 1: First Amendment claim against Sullens and John Doe for confiscating and destroying Plaintiff's property on July 18, 2020 in retaliation for Plaintiff filing grievances against Sullens.

- Count 2: Fourteenth Amendment deprivation of property claim against Sullens and John Doe for depriving Plaintiff of his property.

### Count 1

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). The allegations in the Complaint are sufficient to proceed on the claim in Count 1 against Sullens but not against John Doe. There are no allegations that suggest John Doe acted in retaliation or was even aware of the grievances Plaintiff filed against Sullens. As such, Count 1 will be dismissed against John Doe.

### Count 2

Plaintiff alleges that various items of his personal property were destroyed or confiscated as a result of the cell shakedown and he seeks compensation for those items. To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy for the deprivation of property, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th

3

Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995).  For these reasons, Count 2 will be dismissed with prejudice.

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).  A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it.  *Id.* at 654-655.  If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request.  *Id.* at 655.

Here, Plaintiff has not submitted any proof of a reasonable effort to obtain counsel and the motion will be denied.  If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel.  If he chooses to renew his request, he should submit  rejection letters from at least 3 attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

### Disposition

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows: Count 1 will proceed against Devin E. Sullens but is **DISMISSED without prejudice** as to John Doe.  IDOC, the official capacity claim, and Count 2 are **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to terminate IDOC and John Doe.

The Clerk of Court shall prepare for Devin E. Sullens: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  November 19, 2021

_____
David W. Dugan
United States District Judge

### **<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.